**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )    | |
| Plaintiff,    ) | |
| )    | CIVIL ACTION |
| v.    ) | |
| )    | Case Nos.    04-20091-01-CM |
| JOSE LUIS RODRIGUEZ-RIVERA,    ) | 08-2457-CM |
| )    | |
| Defendant.    ) | |
| )    | |

## MEMORANDUM AND ORDER

A grand jury indicted petitioner Jose Luis Rodriguez-Rivera on June 23, 2004, for conspiracy to distribute five kilograms or more of a cocaine mixture, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, Rodriguez-Rivera pleaded guilty to a drug possession charge, and, in exchange, the government agreed not to prosecute the conspiracy charge.

The indictment stemmed from a vehicle search of an alleged conspirator, Daniel Romero Martinez, on I-35 near Emporia, Kansas. That search revealed 4.739 kilograms of cocaine. Martinez told police he was to take the cocaine to Rodriguez-Rivera. Police then went to Rodriguez-Rivera's home in Kansas City, Kansas, and obtained consent to search the home from Rodriguez-Rivera's wife, Maria Aide Arias-Garcia. That search revealed another .998 kilograms of cocaine.

Martinez filed a successful motion to suppress the cocaine obtained from the vehicle search. Rodriguez-Rivera's attorney, Mark Sachse, knew of the suppression motion but advised Rodriguez-Rivera to plead guilty. Rodriguez-Rivera later filed a motion to withdraw his plea. The motion failed.

The Tenth Circuit Court of Appeals upheld the district court decision. *See United States v.*

*Rodriguez-Rivera*, 518 F.3d 1208, 1217 (10th Cir. 2008). The appeals court concluded that Rodriguez-Rivera knowingly and voluntarily waived his right to appeal, and that Rodriguez-Rivera did not receive ineffective assistance of counsel during plea negotiations. *Id.* at 1215–17.

On October 31, 2008, Rodriguez-Rivera filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Rodriguez-Rivera raises three arguments regarding why he received ineffective assistance of counsel: (1) Sachse failed to advise Rodriguez-Rivera to move to suppress cocaine obtained in the vehicle search, (2) Sachse failed to advise Rodriguez-Rivera to move to suppress cocaine and other evidence obtained from the home search, and (3) appellate counsel, Robert Levitt, also failed to advise Rodriguez-Rivera to contest his plea with regard to the vehicle and home searches.

**I.     Legal Standard**

In determining whether a habeas petitioner's counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the attorney's deficient performance prejudiced him, which requires a showing that there

is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner must show that he would have insisted upon going to trial "but for [his] counsel's errors." *United States v. Weeden*, Nos. 05-40042-01-JAR, 06-3064-JAR, 2007 WL 121405, at *4 (D. Kan. Jan. 11, 2007) (citing *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004)).

**II.     Ineffective Assistance of Counsel**

**A.     Vehicle Search Suppression Motion**

Rodriguez-Rivera first argues that he unknowingly and involuntarily pleaded guilty to the possession charge because his trial counsel, Sachse, failed to advise him to file a motion to suppress regarding the vehicle search. However, Rodriguez-Rivera's argument cannot satisfy either *Strickland* requirement, both of which are necessary to prove ineffective assistance of counsel.

Rodriguez-Rivera correctly observes Martinez filed a successful motion to suppress evidence of cocaine obtained from the search of Martinez's car. But unlike Martinez, Rodriguez-Rivera did not have standing to challenge the vehicle search. The exclusionary rule does not benefit third parties aggrieved by an illegal search and seizure. *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). Defendants charged with crimes of possession may claim the benefits of the exclusionary rule only if their own Fourth Amendment rights were violated. *United States v. Jarvi*, 537 F.3d, 1256, 1259 (10th Cir. 2008). In a hearing before this court on Rodriguez-Rivera's motion to withdraw his plea of guilty, Sachse correctly observed that Rodriguez-Rivera did not have standing to challenge the vehicle search because he had neither possession nor control of the vehicle. Therefore, not only did Sachse provide objectively reasonable counsel, but even if he had moved to suppress the vehicle search, the motion would have failed. As a result, the failure to file the motion to suppress did not cause any bias or prejudice to Rodriguez-Rivera.

Alternatively, Sachse did not provide ineffective assistance of counsel because Martinez agreed with the government to testify at trial against Rodriguez-Rivera in exchange for the government not appealing his suppression motion.  Sachse testified in the same hearing that once he learned of the Martinez agreement, he believed Rodriguez-Rivera no longer had any chance of winning at trial or suppressing the cocaine obtained from the vehicle search.  Even if hindsight suggests counsel should have acted differently, reasonableness is determined "'from counsel's perspective at the time of the alleged error and in light of all the circumstances.'"  *United States v. Cervantes*, 267 F. App'x 741, 743 (10th Cir. 2008) (citation omitted) (although plea negotiations eventually failed, defense counsel made a strategic—if not wise—decision not to file a brief in support of a motion to suppress because the brief could have jeopardized plea negotiations).  Under the circumstances, Sachse's decision not to file a motion to suppress appears objectively reasonable because he credibly believed Rodriguez-Rivera would be better-served by pleading guilty rather than risking the likelihood of a loss at trial.  Rodriguez-Rivera's petition is denied on this issue.

**B.     Home Search Suppression Motion**

In his second argument, Rodriguez-Rivera states that he unknowingly and involuntarily pleaded guilty to the possession charge because Sachse failed to advise him to move to suppress evidence obtained from the search of his home.  Rodriguez-Rivera initially makes a two-fold argument that the vehicle search was illegal, and that under the fruit of the poisonous tree doctrine, Rodriguez-Rivera's home would not have been searched if not for the illegal vehicle search. Alternatively, Rodriguez-Rivera argues if Sachse had reasonably investigated the home search, he would have advised Rodriguez-Rivera to file a motion to suppress because he would have learned that police illegally obtained consent to search from his wife, Maria Aide Arias-Garcia, by use of threats and force.

-4-

Rodriguez-Rivera's two-fold argument fails because even if the vehicle search violated the Fourth Amendment, Rodriguez-Rivera was not entitled to the benefits of the exclusionary rule because his own Fourth Amendment rights were not violated. *See Rakas*, 439 U.S. at 134; *Jarvi*, 537 F.3d at 1259. The fruit of the poisonous tree doctrine applies only when the defendant has standing to properly invoke the exclusionary rule. *See United States v. Olivares-Rangel*, 458 F.3d, 1104, 1117 (10th Cir. 2006) (citing *United States v. Salvucci*, 448 U.S. 83, 85 (1980)). Thus, Sachse's advice to Rodriguez-Rivera to plead guilty rather than seek to suppress evidence was objectively reasonable. Furthermore, even if Sachse advised Rodriguez-Rivera to move to suppress, the motion would have failed, and therefore Rodriguez-Rivera did not suffer any bias or prejudice. Rodriguez-Rivera's motion to suppress argument fails both of the *Strickland* requirements.

Alternatively, Rodriguez-Rivera's argument regarding illegally obtained consent also fails. The court, as it must, construes *pro se* petitions liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Although Rodriguez-Rivera does not articulate this argument until his traverse, his initial petition makes enough of an argument for the court to consider it. Still, the argument fails for two principal reasons. First, Sachse testified in the hearing on the motion to withdraw the guilty plea that Rodriguez-Rivera told Sachse he did not want to challenge the issue of consent because he did not want Garcia to testify. Second, Sachse also testified that Garcia told Sachse she consented to the search.

The court is in the unique position of having already held a hearing in this case that revealed evidence directly relevant to a later-filed § 2255 motion. The court observed Sachse at the hearing and already determined that it found Sachse's testimony credible. In an affidavit, Rodriguez-Rivera's wife now claims that her consent was coerced. But she does not contradict Sachse's representations that he believed she consented. She also does not contradict his statement that

-5-

Rodriguez-Rivera did not want his wife to testify. Thus, Sachse's advice to Rodriguez-Rivera to pursue a plea bargain was reasonable at the time, based on his conversations with Garcia and Rodriguez-Rivera. Rodriguez-Rivera fails to prove either objectively unreasonable counsel or bias or prejudice.

As a final note, because the court construes *pro se* petitions liberally, it rejects the government's assertion that Rodriguez-Rivera's second argument does not challenge the validity of the plea or waiver and therefore falls outside the scope of *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). The government is correct: the second argument in Rodriguez-Rivera's petition does not expressly challenge the validity of his plea agreement by using the terms "unknowing" or "involuntary." But the petition, in essence and in light of the other two principal arguments, asserts that his plea was unknowing and involuntary. Still, Rodriguez-Rivera's petition is denied on this issue because he cannot satisfy either *Strickland* requirement.

## C.     Failure of Appellate Counsel to Challenge Vehicle and Home Searches

In his final argument, Rodriguez-Rivera states his appellate counsel, Robert Levitt, should have contested that Rodriguez-Rivera made his plea unknowingly and involuntarily because Sachse failed to advise Rodriguez-Rivera to move to suppress the vehicle and home searches. However, this argument is substantively the same as the previous two principal arguments addressed above, and thus, it fails for the same reasons. Rodriguez-Rivera's petition is denied on this issue.

## III.    Conclusion

None of Rodriguez-Rivera's arguments demonstrate he is entitled to relief. No evidentiary hearing is required because the record demonstrates he is not entitled to relief. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding an evidentiary hearing is not required on a § 2255 habeas petition when a district court finds the case record conclusively shows petitioner is not

entitled to relief).

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 135) is denied.

Dated this 1st day of July 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**